Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Attorney of Record: Amy Bennecoff Ginsburg, Esq. (AB0891)
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ROBIN BROWN,** | ) |
| Plaintiff, | ) Case No.: |
| v. | ) |
| **IC SYSTEM,** | ) **COMPLAINT AND DEMAND** |
| Defendant. | ) **FOR JURY TRIAL** |
| | ) **(Unlawful Debt Collection Practices)** |

## COMPLAINT

ROBIN BROWN ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against IC SYSTEM ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.*

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. §1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of New Jersey, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §1391 (b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Bloomfield, New Jersey 07003.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692 a(3).

7. In the alternative, Plaintiff is a person granted a cause of action under the FDCPA, See §1692 (k)(a) and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8. Defendant is a national debt collection company with its corporate headquarters located at 444 Highway 96 East, PO Box 64378, St. Paul, Minnesota 55164.

9. Defendant collects, and attempts to collect, consumer debts incurred, or alleged to have been incurred, for personal, family or household purposes on behalf of creditors and debt buyers using the U.S. Mail, telephone and/or internet.

10. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692 a(6), and sought to collect a debt from Plaintiff.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. Upon information and belief, Defendant was attempting to collect an alleged consumer debt from Plaintiff.

13. The alleged debt at issue arose out of transactions that were primarily for personal, family or household purposes.

14. Plaintiff has no business debts, and the debt that Defendant was attempting to collect could only have been a personal debt.

15. Beginning in early May 2016, Defendant contacted Plaintiff by calling her cellular telephone in its daily attempts to collect a debt.

16. Defendant placed calls to Plaintiff's cellular telephone from the following phone number: (603) 414-1921.

17. The undersigned has confirmed that this phone number belongs to Defendant.

18. During the phone calls, Defendant's collectors asked to speak to an unknown male named Jose Solago (phonetic).

19. Plaintiff informed Defendant that they had the wrong phone number and to stop contacting her in early May 2016 when the calls first began.

20. Defendant heard and acknowledged Plaintiff's request to stop calling.

21. Once Defendant was informed that its calls were unwanted and to stop, there was no lawful purpose to making further calls, nor was there any good faith reason to place calls.

22. Defendant failed to update its records to restrict calls to Plaintiff's cellular telephone, and Plaintiff continued to receive daily calls from Defendant.

23. After telling Defendant to stop calling her on several occasions, Plaintiff had no other recourse but to block calls from Defendant's phone number.

**COUNT I**
**DEFENDANT VIOLATED §§1692d and 1692d(5) OF THE FDCPA**

24. A debt collector violates §1692 (d) of the FDCPA by engaging in conduct the natural consequence is to harass, oppress, or abuse any person in connection with the collection of a debt.

25. A debt collector violates §1692 (d)(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

26. Defendant violated §§1692d and 1692d(5) when it placed repeated and harassing telephone calls to Plaintiff causing her phone to ring continuously and continued to call after being informed it had the wrong number and Plaintiff requested that calls cease.

WHEREFORE, Plaintiff, ROBIN BROWN, respectfully prays for judgment as follows:

    a. All actual damages suffered by Plaintiff pursuant to 15 U.S.C. §1692 (k)(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692 (k)(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court courts and other litigation expenses incurred by Plaintiff pursuant to 15 U.S.C. §1693 (k)(a)(3); and

    d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, ROBIN BROWN, demands a jury trial in this case.

### **CERTIFICATION PURSUANT TO L.CIV.R.11.2**

I hereby certify pursuant to Local Civil Rule 11.2 that this matter in controversy is not subject to any other action pending in any court, arbitration or administrative proceeding.

Respectfully submitted,

Dated: June 14, 2016                BY:   /s/ Amy L. Bennecoff Ginsburg, Esq.
                                            Amy L. Bennecoff Ginsburg, Esq.
                                            Kimmel & Silverman, P.C.
                                            30 East Butler Pike
                                            Ambler, PA 19002
                                            Phone: (215) 540-8888
                                            Facsimile: (877) 788-2864
                                            Email: aginsburg@creditlaw.com